**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4310**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

THOMAS JOSEPH DALTON,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, Chief District
Judge.  (2:03-cr-00739-DCN-1)

───────────

Submitted: May 26, 2011               Decided:  June 1, 2011

───────────

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Jonathan McKey Milling, MILLING LAW FIRM, LLC, Columbia, South
Carolina, for Appellant.  William N. Nettles, United States
Attorney, Dean A. Eichelberger, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case is before the court for the third time. We most recently remanded the case for resentencing. See United States v. Dalton, 477 F.3d 195 (4th Cir. 2007). Thomas Joseph Dalton now claims the district court erred by not considering his challenges to the revised presentence investigation report ("PSR"). He also raises several issues challenging the procedural and substantive reasonableness of the upward departure sentence. Finding no error, we affirm.

In Dalton's prior appeal, this court vacated the sentence and remanded the case, directing the district court to explain the criminal history calculation, specifying which arrests and convictions formed the basis for additional criminal history points. The district court was further instructed that because Dalton was in Criminal History Category VI, it must depart incrementally down the sentencing table to the next higher offense level until it finds a Guideline range that is appropriate. The district court must then explain the reasons for departure. Despite the remand, this court concluded that "the fact remains that an upward departure on the ground that the criminal history category underrepresented Dalton's criminal history was undeniably reasonable." Dalton, 477 F.3d at 198-99.

We conclude that Dalton's challenges to any sentencing enhancements contained in the revised PSR were barred from the

2

district court's consideration, and are barred from this court's consideration, under the mandate rule. Dalton could have raised his objections in his original appeal but did not. See Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007) ("[A] remand proceeding is not the occasion for raising new arguments or legal theories."); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court[,]" as well as "issues decided by the district court but foregone on appeal").

In addition, under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (internal citation and quotation marks omitted)). The law of the case must be applied:

> in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.

Id. (internal citation and quotation marks omitted); see also Doe v. Chao, 511 F.3d 461, 464-66 (4th Cir. 2007). The district court rejected Dalton's Guidelines challenges at his prior two sentencing hearings. Dalton fails to provide any substantive

3

reason why the district court should have considered his arguments once again.

This court reviews the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This abuse-of-discretion standard of review involves two steps; under the first, this court examines the sentence for significant procedural errors, and under the second, the court reviews the substance of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (examining Gall, 552 U.S. at 50-51). Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. If there are no significant procedural errors, this court then considers the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id.

When the district court imposes a departure sentence, this court considers "whether the sentencing court acted reasonably both with respect to its decision to impose such a

4

sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). This court has recognized, however, that a district court's error in applying a departure sentence is harmless if the sentence is ultimately justified by the 18 U.S.C. § 3553(a) (2006) sentencing factors. United States v. Evans, 526 F.3d 155, 165 (4th Cir. 2008) ("[E]ven assuming the district court erred in applying the Guideline departure provisions, [the defendant's] sentence, which is well-justified by [the] § 3553(a) factors, is reasonable."); see Puckett v. United States, 129 S. Ct. 1423, 1432 (2009) (stating that "procedural errors at sentencing . . . are routinely subject to harmlessness review"); United States v. Mehta, 594 F.3d 277, 283 (4th Cir.), cert. denied, 131 S. Ct. 279 (2010) (citing cases supporting the proposition that harmless error review applies to alleged sentencing errors).

Under U.S. Sentencing Guidelines Manual § 4A1.3(a), the district court may upwardly depart from the Guidelines sentence if it is determined that "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes[.]" The court may consider prior sentences not used in computing the criminal history category. See USSG § 4A1.3(2)(A).

5

As noted, this court previously ruled that the district court's decision to upwardly depart was reasonable. Dalton, 477 F.3d at 198-99. Dalton challenges the extent of the departure. We have considered his challenges to the procedural reasonableness of the sentence and conclude there was no error. Likewise, we conclude there was no error with the substantive reasonableness of the sentence. Even if there was error, we conclude the error would be harmless in light of the fact that the district court justified the sentence by reference to the 18 U.S.C. § 3553(a) sentencing factors.

Accordingly, we affirm the amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED